OPINION
Appellants Richard N. Steiskal, Richard N. Steiskal, II and Katherine Estelle Steiskal appeal from a judgment rendered by the Common Pleas Court, Probate Division, which adopted the magistrate's decision sustaining appellee A. Robert Steiskal's objection to the inventory of decedent Mildred C. Steiskal's estate. For the following reasons, the trial court's judgment is reversed and remanded.
 STATEMENT OF THE FACTS
Decedent passed away on December 27, 1993. She was survived by two adult sons, Robert Steiskal and Richard N. Steiskal. Decedent left a Will executed June 3, 1993. The Will provided that appellee was to receive half of the residuary of decedent's estate. It also provided that "my son, A. Robert Steiskal, presently is indebted to me in the amount of Fifty-three Thousand ($53,000.00) Dollars. If this sum is not repaid tome prior to my death, this sum shall be deducted from his distribution inmy estate." (Emphasis added). There are no promissory notes reflecting this debt.
After decedent's death, an inventory of the estate was conducted. Item number 15 of the inventory listed $53,000 as an account receivable. Appellee objected to the inventory, claiming that the account receivable in the amount of $53,000 was nonexistent and did not constitute a bona fide obligation to the estate. A hearing was held on the matter. Subsequently, the magistrate issued a decision sustaining appellee's objection. The magistrate believed that there was insufficient evidence to sustain an action for the debt. Relying on Summers v. Connolly
(1953), 159 Ohio St. 396, he determined that the $53,000 did not amount to "legally enforceable indebtedness." As such, the magistrate concluded that appellee's share of the estate could not be reduced by $53,000. The trial court adopted the magistrate's decision over appellants' objection. This appeal followed.
 ASSIGNMENTS OF ERROR NUMBERS ONE THROUGH THREE
Appellants allege five assignments of error on appeal. The first three have a common basis in law and fact and will therefore be discussed together. They respectively allege:
 "THE PROBATE COURT'S AFFIRMATION OF THE MAGISTRATE'S DECISION OF JUNE 28, 1998 (sic) CONSTITUTES AN ERROR OF LAW AND ABUSE OF DISCRETION BY THE COURT BECAUSE THE MAGISTRATE'S DECISION MISAPPLIED THE LAW OF SUMMERS V. CONNOLLY IN THE MAGISTRATE'S DECISION FINDING OF RECOMMENDATION (C)."
 "THE PROBATE COURT'S ADOPTION OF THE MAGISTRATE'S DECISION OF JUNE 28, 1999 IS AN ERROR OF LAW AND ABUSE OF DISCRETION INSOFAR AS THE EXCEPTOR TO THE INVENTORY, A. ROBERT STEISKAL, JR., FAILED TO PROVE THAT A `LEGALLY ENFORCEABLE DEBT' DOES NOT EXIST."
 "THE PROBATE COURT AND THE MAGISTRATE EACH ERRED AS A MATTER OF LAW, AND ABUSED THEIR DISCRETION, IN FAILING TO FOLLOW THE SUGGESTIVE AUTHORITY OF IN THE MATTER OF THE ESTATE OF ROSEN AS THE PROPER APPLICATION OF SUMMERS V. CONNOLLY TO THE WITHIN CASE."
 LAW AND ANALYSIS
In Summers, supra, Patrick Connolly died intestate. Prior to his death, Bridget McGovern, one of his heirs, executed a promissory note to him. At the time of his death, the note remained unpaid. The heirs filed a declaratory judgment action to determine their rights to distribution. G.C. 10509-186 (predecessor section to R.C. 2113.59) provided that:
 "When a beneficiary of an estate is indebted to such estate, the amount of the indebtedness if due, or the present worth of the indebtedness if not due, may be set off by the executor or administrator against any testate or intestate share of the estate to which such beneficiary is entitled."
Notwithstanding that statute, with respect to the unpaid note, the Ohio Supreme Court held that "where an obligation is not enforceable in an action at law, it cannot be set off against an opposing claim." Summers
at 406. In that case, the Supreme Court declared that an action to enforce the obligation on the note was barred by the statute of limitations. As such, the amount of the note could not be set off against Bridget McGovern's distributive share of Patrick Connolly's estate.
Appellants argue that the magistrate misconstrued Summers. They claim that Summers and this case are distinguishable because, unlike Patrick Connolly, in the case at bar, decedent left a Will. They note that the Will, which was executed six months before decedent died, provides evidence of the debt. They contend that the provision dealing with appellee's debt clearly demonstrates decedent's intent to have the debt set off against appellee's inheritance.
Appellants cite In the Matter of the Estate of Herman George Rosen,deceased (Oct. 25, 1990), Franklin App. No. 90AP-654, unreported to support their contentions. In that case, Herman G. Rosen loaned his nephew, Allan Rosen, $10,000. Allan Rosen was among the beneficiaries named in the Will. A provision in the Will provided that:
 "The bequest to my nephew, Allan Rosen, to share in the residue of estate is qualified as follows: During my lifetime I lent the sum of Ten Thousand ($10,000.00) Dollars to my nephew, Allan Rosen, and as of this date, he has not repaid the loan. In the event his loan has not been repaid at the time of my death, then I specifically qualify item X of this Will. The amount going to Allan Rosen must be reduced by Ten Thousand ($10.000.00) Dollars. This Ten Thousand ($10,000.00) Dollars is then to be placed in the residue of my estate and then divided equally among all the named persons, including my nephew Allan Rosen."
The debt was listed as an asset of the estate. Allan Rosen objected to the inventory. His objection was overruled. On appeal, the court determined that, while Allan Rosen had made some payments on the loan, the Will was clear that his share was to be reduced by $10,000 unless the loan was completely repaid at the time of his death. The court distinguished
Summers, supra, noting that Patrick Connolly died intestate.
It noted that Herman G. Rosen, who died testate, had the prerogative to do whatever he wished with his property. It therefore affirmed the trial court's decision overruling Allan Rosen's objection.
The case at bar, much like Rosen, can be distinguished from Summers. InSummers, the Ohio Supreme Court refused to set off a debt "* * * when the decedent felt no such concern and took no steps either to collect the debt or to direct by Will that it be deducted from a bequest." Summers,supra at 414. In this case, as in Rosen, decedent specifically included a provision in her Will identifying a debt that she believed appellee owed her. This provision was included in the Will six months prior to her death. Therefore, unlike Patrick Connolly in Summers, decedent took clear measures to have the debt deducted from a specific bequest.
While the case at bar is similar to Rosen, there are important distinctions. In Rosen, the beneficiary acknowledged his debt to the testator. In this case, appellee denies that any debt exists. In fact, the only evidence suggesting that appellee owed decedent money is the provision in the Will. R.C. 2115.09 provides that the estate inventory shall contain, "* * * a statement of all debts and accounts belonging to the deceased which are known to such executor or administrator and specify the name of the debtor, the date, the balance or thing due, and the value or sum which can be collected thereon, in the judgment of the appraisers. * * *." A mere provision in a testator's Will is not sufficient to establish a debt or account to be included in the estate's inventory. As such, item number 15 was improperly included in the inventory as an account receivable. In this respect, the trial court correctly sustained appellee's objection to the inventory. However, the trial court erred in adopting Recommendation C in the magistrate's decision. Recommendation C provided, "that [appellee's] Objection (Exception) #1 be granted and his distributive share of the estate not be reduced by $53,000.00 as set forth in Item XI of the Decedent's Will." While the purported debt should not have been included as an asset in the inventory, it, nonetheless, must be set off against appellee's distributive share when the assets of the estate are distributed.
Whether the $53,000 amounted to an actual debt, enforceable or not, is irrelevant. When reviewing the construction of a Will, the reviewing court must ascertain and carry out the intent of the testator within the bounds of the law. Domo v. McCarthy (1993), 66 Ohio St.3d 312, 314. The express language of the instrument Will generally provide the court with an indication of the testator's intent as related to the devises therein. Stevens v. National City Bank (1989), 45 Ohio St.3d 276, 278. Unlike the bequest in Rosen, supra, in which Herman G. Rosen clearly indicated his desire for the debt to be paid to the estate's residue and then distributed evenly to his legatees, the bequest in this case unambiguously calls for a set-off in the amount of $53,000 from appellee's distributive share. Construing that provision in decedent's Will as an account receivable would have the effect of returning to appellee, through distribution under the Will, half of any portion of the $53,000 he may pay to the estate. Such a result would run counter to decedent's intent as it is expressed in the Will.
The language in decedent's Will is a clear manifestation of her intent to reduce appellee's share of her estate if the $53,000 was not repaid prior to December 27, 1993, the day she died. Therefore, unless appellee can prove that he satisfied his obligation under the terms of the Will, $53,000 must be set off against appellee's share of the estate. SeeLambright v. Lambright (1906), 74 Ohio St. 198, syllabus (holding that executor had a duty to reduce legatee's distributive share by the amount owed to decedent). Appellee asserted that "he did not owe his mother $53,000.00 and therefore had no reason to repay her. * * *" (Magistrate's Decision, 3). Appellee has not submitted a brief to this court and has offered no explanation for this assertion. Therefore, we must presume that appellee did not repay decedent the $53,000 she claimed that he owed. As such, $53,000 must be set off from his distributive share of decedent's estate. Appellants' first three assignments of error have merit.
 ASSIGNMENT OF ERROR NUMBER FOUR
Appellants' fourth assignment of error alleges:
 "THE PROBATE COURT AND THE MAGISTRATE ERRED AS A MATTER OF LAW, AND ABUSED THEIR DISCRETION, IN FAILING TO PROPERLY ADMINISTER THE BURDEN OF PROOF IN ACCORDANCE WITH THE EXCEPTIONS TO INVENTORY STATUTE, O.R.C. 2115.16."
Appellants contend that the magistrate improperly placed the burden of proof on the estate. They argue that the burden should have been on appellee to prove that he was not indebted to decedent.
In Bolen v. Humes (1951), 94 Ohio App. 1, syllabus, the court held that "where exceptions are filed to the inventory of a decedent's estate on the ground of noninclusion of specified assets, the burden of proving the existence of such assets is on the exceptor." Appellants argue that this supports their contention that appellee bore the burden of proving that the debt did not exist.
As previously noted, however, whether the $53,000 amounted to an actual debt is irrelevant. Even if appellee did not owe $53,000 to decedent, it is clear that decedent intended to reduce appellee's share of her estate by this amount unless he satisfied what she, nonetheless, believed to be a valid obligation. Thus, appellee's burden was to prove, not the absence of debt, but that he paid the decedent $53,000 prior to her death. Appellee failed to meet this burden. Therefore, appellants' assertion as to what appellee was required to prove is incorrect. However, their assignment of error is found to be with merit as the trial court improperly placed on the estate the burden to prove the existence of a debt.
 ASSIGNMENT OF ERROR NUMBER FIVE
Appellants' fifth assignment of error alleges:
 "THE PROBATE COURT AND MAGISTRATE ERRED AS A MATTER OF LAW, AND ABUSED THEIR DISCRETION, IN EXCEEDING THE SCOPE OF PROBATE COURT POWERS WHEN, IN THE COURSE OF AN EXCEPTIONS TO INVENTORY HEARING PURSUANT TO O.R.C. 2115.16, THE MAGISTRATE DETERMINED THE COLLECTABILITY OF A DEBT OWED TO THE DECEDENT."
The magistrate determined that the debt referenced in decedent's Will is not collectible through a court action. (Magistrate's Decision, 5). Appellants argue that such a determination was improper as it was beyond the scope of the proceeding.
Because we find that the purported debt was not an asset to be included in the estate's inventory, whether the trial court had jurisdiction to determine its collectability is irrelevant. As previously noted, the $53,000 does not represent a debt appellee owes to the estate; it is simply the amount by which decedent desired to reduce appellee's distributive share if he did not pay her such amount prior to her death. As such, appellants' fifth assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is hereby reversed and this cause is remanded to the trial court with instructions to modify its judgment in accordance with this court's opinion.
Donofrio, J., concurs, Waite, J., concurs.